IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JEAN CARTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:26-CV-144-Z-BR |
| | § | |
| STATE FARM LLOYDS, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO LIMIT PLAINTIFF'S CLAIM FOR ATTORNEY'S FEES**

Before the Court is Defendant State Farm Lloyds's Unopposed Motion to Limit Plaintiff's Claim for Attorney's Fees under § 542A.007 of the Texas Insurance Code. (ECF 12). Plaintiff does not oppose the motion. (*Id.*). After considering the Motion and applicable law, the Motion is GRANTED.

## I. APPLICABLE LAW

The Texas Insurance Code requires "not later than the 61st day before the date a claimant files an action to which this chapter applies in which the claimant seeks damages from any person, the claimant must give written notice to the person in accordance with this section as a prerequisite to filing the action." TEX INS. CODE § 542A.003(a). The claimant's pre-suit notice must include a "statement of the acts or omissions giving rise to the claim; the specific amount alleged to be owed by the insurer on the claim for damage to or loss of covered property" and "the amount of reasonable and necessary attorneys' fees" as required by the statute. *Id.* § 542A.003(b). This pre-suit notice requirement applies to all actions relating to first-party real property insurance claims "arising from damage to or loss of property resulting from, wholly or partly, forces of nature" such as property claims for wind, rain and hail. *Id.* § 542.A001(2). However, if "the claimant has a

reasonable basis for believing there is insufficient time to give the pre-suit notice before the limitations period will expire" such that "giving notice [is] impracticable," then pre-suit notice is not required. *Id.* § 542A.003(d).

If a claimant brings a suit to which Chapter 542A applies, and fails to provide the proper presuit notice, the opposing party has two options. First, the opposing party can file a plea in abatement, and "[t]he court shall abate the action if the court finds that the person filing the plea in abatement … did not, for any reason, receive a presuit notice complying with Section 542A.003." *Id.* § 542A.005(b). Or, second,

> [i]f a defendant in an action to which this chapter applies pleads and proves that the defendant was entitled to but was not given a presuit notice stating the specific amount alleged to be owed by the insurer under Section 542A.003(b)(2) at least 61 days before the date the action was filed by the claimant, the court may not award to the claimant any attorney's fees incurred after the date the defendant files the pleading with the court. A pleading under this subsection must be filed not later than the 30th day after the date the defendant files an original answer in the court which the action is pending.

*Id.* § 542A.007(d). If a claimant fails to provide the required presuit notice to the defendant-insurer, "the court may not award to the claimant any attorney's fees incurred after the date the defendant files the pleading with the court." *Id.* In other words, the claimant is precluded from receiving its attorney's fees after the date in which the defendant-insurer pleads and proves it did not receive the required presuit notice. *See id.*

## II. <u>ANALYSIS</u>

This is a first-party insurance claim arising from alleged storm damage to Plaintiff's property. Therefore, it is subject to § 542A. *See id.* § 542.A001(2). On June 2, 2026, Plaintiff's counsel sent Defendant a pre-suit notice letter stating that it was "a formal demand pursuant to Chapter 542A of the Texas Insurance Code." (ECF 12-1). Plaintiff then filed suit three days later on June 5, 2026. (*See* ECF 1-3 at 8-15).

Plaintiff did not give Defendant the 61-day notice required by § 542A, and there is no indication in the record that giving notice was "impracticable" in this case. Defendant filed its Answer to Plaintiff's Original Petition on June 26, 2026, wherein it pleaded that it was entitled to and not given presuit notice. (*See* ECF 1-3 at 26). Accordingly, the Court may not award Plaintiff any attorney's fees incurred after that date in accordance with § 542A.007(d).

## III. CONCLUSION

Accordingly, Defendant's unopposed motion is GRANTED. The Court will not and cannot award Plaintiff any attorney's fees incurred after June 26, 2026.

IT IS SO ORDERED.

ENTERED August 10, 2026.

Lee Ann Reno

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE